NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Moorish-American Moslem ERWIN LEJON-TWIN EL, in propria persona, sui juris,<br><br>          Plaintiff,<br>   v.<br>STATE OF NEW JERSEY – JOHN JAY HOFFMAN, ACTING ATTORNEY GENERAL, *et al*.<br><br>          Defendants. | Civil Action No.: 15-8136<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on seven motions to dismiss *pro se* Plaintiff Erwin Lejon-Twin El's ("Plaintiff") Fourth Amended Complaint (ECF No. 203 ("FAC")): (1) Defendants Kristin M. Corrado and Passaic County's (collectively, the "Passaic County Defendants") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 214); (2) Defendant Andrea I. Bazer's motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 216); (3) Defendants Christine Giordano Hanlon, Andrea I. Bazer, and Monmouth County's motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 217); (4) Defendant Middlesex County's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (ECF No. 218); (5) Defendants Joanne Rajoppi and Union County's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (ECF No. 219); (6) Defendant Elaine Flynn's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (ECF No. 220); and (7) Defendants Jeff Parrott and Sussex County's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (ECF No. 221).[1] Plaintiff opposed the motions (ECF Nos. 223 and

---

[1] Corrado, Bazer, Hanlon, Rajoppi, Flynn, and Parrott are collectively known as "Individual Defendants." Passaic County, Monmouth County, Middlesex County, Union County, and Sussex County are collectively known as "County Defendants." Individual Defendants and County Defendants collectively are hereinafter referred to as "Defendants."

237) and Defendants replied (ECF Nos. 224, 226, 234, 235). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motions to dismiss is **GRANTED**.[2]

I.   **BACKGROUND**

This action arises out of Plaintiff's submission of purportedly recordable documents to offices of county clerks throughout New Jersey and Defendants' subsequent refusal to record Plaintiff's documents. Plaintiff submitted several documents for recording to various county clerk's offices, including multiple versions of a "Proclamation of Nationality and Free National Name," which appears to be a request from Plaintiff to legally change his name and nationality on behalf of his religious organization, the Moorish Science Temple of America # 10. *See* ECF No. 1 at Exs. A and F; *see also* FAC at Exs. 4C and 4E. Defendants denied all of Plaintiff's alleged recordation requests. FAC ¶¶ 18, 41, 62, 86, 107. In Passaic County, Plaintiff alleges that Defendant Corrado summoned armed gunmen to forcibly remove him after the clerk refused to record Plaintiff's documents. *Id.* ¶ 77.

Plaintiff claims that, in denying his requests for recordation, Defendants, "willfully and intentionally deprived" him of his "constitutionally protected right[s]" under "color of New Jersey law." *See, e.g.*, FAC ¶¶ 16, 39, 61, 88, 106. On October 5, 2015, Plaintiff spoke with Robert Barry, Union County's counsel, who informed Plaintiff that the county clerk had no obligation to

---

[2] State of New Jersey – John Jay Hoffman as Acting Attorney General, Robert Barry, Scott M. Colabella, John C. Sahradnik, and Andrea I. Bazer, while named as defendants in Plaintiff's prior complaint (*see* ECF No. 150), are not named in Plaintiff's FAC, and any allegations against them have been removed. *See* ECF Nos. 204, 205, 206, 216. Therefore, the Court dismisses them from this action. *See Townsend v. Calderone* No. 09–3303, 2010 WL 1999588, at *1 n. 1 (D.N.J. May 18, 2010) (dismissing parties from an action because they were "named as defendants in Plaintiff's Complaint, [but] were not named in Plaintiff's Amended Complaint.").

record Plaintiff's written instruments and that Plaintiff's best recourse was to ask the Court to force recordation via a writ of mandamus. *Id.* ¶ 23. The instant action followed.

On November 18, 2015, Plaintiff instituted this suit wherein he sought, *inter alia*, a writ of mandamus requiring Defendants to record his written instruments. ECF No. 1. In response to Defendants' initial motions to dismiss (ECF Nos. 6, 20, 24), this Court directed Plaintiff to file an Amended Complaint to address numerous deficiencies in his pleading. ECF No. 76. Plaintiff filed his First Amended Complaint on August 23, 2016 (ECF No. 77), and Defendants again moved to dismiss (ECF Nos. 78, 79, 80, 81, 88, 94, 95). This Court permitted Plaintiff to submit a second amended complaint (ECF No. 108), which Plaintiff filed on October 5, 2017. ECF No. 128. Plaintiff's second amended complaint was dismissed on April 4, 2018, and this Court permitted Plaintiff to file a third amended complaint. ECF No. 146. On October 3, 2018, Plaintiff's third amended complaint was dismissed without prejudice for failure to comply with the pleading requirements under Federal Rule of Civil Procedure 8. ECF No. 193.

Plaintiff's Fourth Amended Complaint now asserts violations of: 1) the Full Faith and Credit Clause to the United States Constitution by all Defendants; 2) the Supremacy Clause to the United States Constitution by the Individual Defendants; 3) the Establishment Clause to the United States Constitution by the Individual Defendants; and (4) the Due Process Clause to the United States Constitution by all Defendants. *See* FAC. Defendants moved to dismiss (ECF Nos. 214, 216, 217, 218, 219, 220, 221), Plaintiff opposed (ECF Nos. 223, 237), and Defendants replied in support of their motions. ECF Nos. 224, 226, 234, 235.[3]

---

[3] On June 1 and June 8, 2020, Plaintiff filed letter applications seeking leave to file sur-replies. ECF Nos. 251. 253, 256. The Court has reviewed these submissions despite their procedural defects and finds that they do not offer any basis to save the FAC from dismissal.

## II. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions . . . will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citations omitted).

Because Plaintiff is a *pro se* litigant, his filings are entitled to a liberal construction and his complaint is held to a less stringent standard than pleadings drafted by lawyers. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2003). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

As a preliminary matter, the Court acknowledges Defendants' challenges to its subject matter jurisdiction. Federal courts have subject matter jurisdiction pursuant to either 28 U.S.C. § 1331 (federal question), or 28 U.S.C. § 1332 (diversity of citizenship). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). While Plaintiff here claims diversity jurisdiction under § 1332 as a resident of "New Jersey state Republic at Morocco," it appears that Plaintiff, like all Defendants, resides in New Jersey. FAC at p. 1–3; *id.* ¶¶ 1–11. Consequently, this Court lacks diversity jurisdiction. The Court finds, however, that it maintains federal question subject matter jurisdiction over this dispute. "A plaintiff properly invokes § 1331 [federal question] jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 501. Plaintiff's claims arise under the United States Constitution in that he alleges that Defendants breached four independent constitutional provisions in violation of his rights – the Full Faith and Credit Clause, the Supremacy Clause, the Establishment Clause, and the Due Process Clause. *See generally* FAC. It is not dispositive that *pro se* Plaintiff couches his claims under § 1332, because this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 501; *see also Bell v. Pleasantville Hous. Auth.*, 443 F. App'x 731, 734–35 (3d Cir. 2011) (determining that, liberally construed, *pro se* plaintiff's amended complaint contained allegations sufficient for the Court to maintain federal question jurisdiction despite plaintiff's amended complaint premising subject matter jurisdiction on § 1332). Accordingly, because Plaintiff's claims arise under the U.S. Constitution, this Court maintains subject matter jurisdiction over this dispute.

While Plaintiff has not identified the statutory authority that permits him to bring his constitutional claims, the Court liberally construes the FAC as asserting claims under 42 U.S.C. §

1983, which provides a private right of action for violations of a constitutionally or legally protected right "under color of state law." *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 700-01 (1978); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996)) ("[t]o establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law"). Plaintiff repeatedly asserts Defendants violated his constitutional rights under color of state law. *See, e.g.*, FAC ¶¶ 16, 39, 61, 88, 106. Thus, the Court considers whether Plaintiff has sufficiently pleaded facts establishing violations of his Constitutional rights pursuant to: (1) the Full Faith and Credit Clause against all Defendants under Counts 1, 5, 9, 13, and 17; (2) the Supremacy Clause against the Individual Defendants under Counts 2, 6, 10, 14, and 18; (3) the Establishment Clause against the Individual Defendants under Counts 3, 7, 11, 15, and 19; and (4) the Due Process Clause against all Defendants under Counts 4, 8, 12, 16, and 20. *See* FAC.

The Court finds that Plaintiff has failed to allege facts sufficient to establish any constitutional violation. Plaintiff's pleading, even given the liberal construction afforded a *pro se* plaintiff, falls woefully short of stating a colorable Constitutional claim. Accordingly, the Court dismisses Plaintiff's FAC. Moreover, "[d]ismissal of ... a complaint with prejudice is appropriate if amendment would be ... futile." *Bankwell Bank v. Bray Entertainment, Inc., et al.*, No. 20-49, 2021 WL 211583, at *2 (D.N.J. Jan. 21, 2021). Amendment is "futile" if the claims are "frivolous" or "legally insufficient" on the face of the pleading. *Lombreglia v. Sunbeam Prod., Inc.*, No. 20-0332, 2021 WL 118932, at *5 (D.N.J. Jan. 13, 2021). Here, the Court has given Plaintiff multiple chances to cure his pleading and state valid Constitutional claims. *See* ECF Nos. 76, 126, 146, 193. At each opportunity, Plaintiff has failed to allege any facts giving rise to potential Constitutional violations. Upon review of the FAC, the Court cannot find any basis for Plaintiff's

6

legally insufficient claims to proceed. Accordingly, further amendment would be futile and Plaintiff's FAC is dismissed with prejudice in its entirety.

### a) Full Faith and Credit Clause (Counts 1, 5, 9, 13, and 17)

In Counts 1, 5, 9, 13, and 17 of the FAC, Plaintiff alleges Defendants violated the Full Faith and Credit Clause to the Constitution by declining to record his documents. FAC ¶¶ 12–23, 35–45, 57–66, 79–89, 101–110. Specifically, Plaintiff argues that Defendants deprived him of his "constitutionally protected right to credit the [] County, New Jersey state Republic public record." *Id.* at ¶¶ 16, 39, 61, 85, 106. Article IV of the Constitution states, in part, that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const., art. IV, § 1. Plaintiff's reliance on the Full Faith and Credit Clause is misplaced. To succeed on this claim, Plaintiff would need to demonstrate that Defendants failed to recognize or apply the law of *another* state or the federal government in denying his recordation request. Plaintiff's claim fails, as it does not involve any acts, records, or judicial proceedings relating to another state or the federal government. Moreover, there is nothing in the FAC that would allow this Court to credit any other record or judgment concerning Plaintiff's recordation requests. Plaintiff does not support his repeated references to the "state Republic public record" with sufficient factual allegations, and thus cannot implicate the Full Faith and Credit Clause. Accordingly, the Court dismisses Counts 1, 5, 9, 13, and 17 for failure to state a claim.[4]

---

[4] It appears that Plaintiff also attempts to assert claims under the Full Faith and Credit Clause against the Defendants for violations of unnamed state statutes (FAC ¶¶ 19, 42, 63, 87, 108), and against the Individual Defendants for breach of "oath of office" and "fiduciary duty" to the public trust (*id.* at ¶¶ 21, 44, 65, 89, 110). Given that Plaintiff alleges no facts, nor points to any law to support these claims as independent causes of action, the Court considers these allegations as part of Plaintiff's full faith and credit claim. Therefore, these allegations are dismissed along with the entirety of Plaintiff's claim under the Full Faith and Credit Clause.

### b) Supremacy Clause (Counts 2, 6, 10, 14, and 18)

In Counts 2, 6, 10, 14, and 18 of the FAC, Plaintiff alleges that Defendants violated the Supremacy Clause under Article VI of the U.S. Constitution when they refused to record his written instruments in violation of his fundamental right to contract and enter into agreements. FAC ¶¶ 24–25, 46–47, 67–68, 90–91, 111–12.  In support of these claims, Plaintiff appears to challenge N.J.S.A. 22A:4-4.1 and N.J.S.A. 46:16-1 *et seq.* on the basis that federal law preempts these statutes. FAC ¶¶ 26, 48, 69, 92, 113.  The Supremacy Clause provides that "when federal and state law conflict, federal law prevails and state law is preempted." *Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1476 (2018).  However, the Supremacy Clause does not provide for a private cause of action and thus Plaintiff may not pursue his claims in this fashion. *See Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1383 (2015) ("[T]he Supremacy Clause is not the source of any federal rights, and certainly does not create a cause of action.") (internal quotations omitted).

Nevertheless, the Court considers whether any federal law preempts N.J.S.A. 22A:4–4.1 (concerning the fees applicable to county clerk recording services) or N.J.S.A. 46:16–1 *et seq.* (concerning the recording of written instruments pertaining to real property).[5]  To prove preemption under the Supremacy Clause, there must first be a conflict between the applicable federal and state laws. *Murphy*, 138 S. Ct. at 1476–80.  The FAC appears to allege that the "1787 – Treaty of Peace and Friendship Between Morocco and the United States, still-in-force, 1836" preempts the New Jersey statutes. *See* FAC ¶¶ 25, 47, 68, 91, 112.  However, Plaintiff fails to allege, and the Court is not aware of any conflict between this treaty and New Jersey law, and thus

---

[5] Neither statute cited by Plaintiff provides that county clerks are authorized or required to record a document whereby an individual seeks to change his or her name or nationality. It appears that these statutes solely concern recording of real property-related instruments.

preemption is inapplicable. Plaintiff similarly fails to establish how any alleged preemption amounts to a violation of his constitutional right to contract. Accordingly, Plaintiff's Supremacy Clause claim is meritless and Counts 2, 6, 10, 14, and 18 are dismissed.

### c) Establishment Clause (Counts 3, 7, 11, 15, and 19)

In Counts 3, 7, 11, 15, and 19 of the FAC, Plaintiff alleges the Individual Defendants violated the Establishment Clause by "harm[ing] Plaintiff's fundamental right to establish a religion and freely exercise therein." FAC ¶¶ 28, 50, 71, 94, 115. Specifically, Plaintiff argues that the Individual Defendants utilized the county clerks' offices to promote a religious agenda in violation of his rights. *Id.* ¶¶ 29, 51, 72, 95, 116. The Establishment Clause to the First Amendment of the Constitution "mandates governmental neutrality between … religion and nonreligion." *McCreary Cnty. V. Amer. Civil Liberties Union of Ky.*, 545 U.S. 844, 860 (2005) (citation omitted). The promotion of one religious agenda over another violates that neutrality and gives rise to a claim under the Establishment Clause. *Id.* (stating that "[w]hen the government acts with the ostensible and predominant purpose of advancing religion, it violates that central Establishment Clause value of official religious neutrality, there being no neutrality when the government's ostensible object is to take sides"). While Plaintiff claims Defendants infringed upon his religion as a "Moorish-American Moslem," the FAC does not allege any facts to suggest that Defendants acted with the purpose of advancing any other religion over Plaintiff's. Moreover, there are no facts suggesting any religious motivation whatsoever underlying Defendants' decision not to record the documents. Accordingly, Plaintiff fails to state a claim for violation of the Establishment Clause and Counts 3, 7, 11, 15, and 19 are dismissed.

### d) Due Process Clause (Counts 4, 8, 12, 16, and 20)

In Counts 4, 8, 12, 16, and 20 of the FAC, Plaintiff alleges Defendants violated the Fifth Amendment Due Process Clause to the Constitution by declining to record his documents in

9

deprivation of his "fundamental right to life, liberty and property without due process of law." FAC ¶¶ 33, 55, 76, 99, 120. Additionally, Plaintiff specifically alleges that Defendant Corrado violated Plaintiff's due process rights by involuntarily removing him from the office of the Passaic County Clerk, which caused Plaintiff "tremendous duress." *Id.* ¶ 77. "The Fifth Amendment's protections apply to the federal government and are applied to the states by way of the Fourteenth Amendment." *Small v. Rahway Bd. of Educ.*, No. 17-1963, 2018 WL 2455923, at *4 (D.N.J. June 1, 2018) (citing *Malloy v. Hogan*, 378 U.S. 1, 6 (1964)). Defendants here are not federal actors. "Therefore, to the extent the [FAC] asserts a claim solely based on the Fifth Amendment, it is dismissed . . . because the Fifth Amendment alone does not apply to Defendants." *Id.*

Insofar as Plaintiff brings claims against state actors for due process violations under the Fourteenth Amendment, those claims are similarly dismissed. The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Clause has both "a procedural component, requiring the state to afford an adequate level of process . . . before depriving persons of a protected interest" and a substantive component which "'limits what government may do regardless of the fairness of procedures that it employs, and covers government conduct in both legislative and executive capacities.'" *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 169 (3d Cir. 2016) (citations omitted). Although Plaintiff does not make clear whether he brings claims under the procedural or substantive due process framework, the Court considers each in turn.

Procedural due process "guarantee[s] a fair procedure in connection with any deprivation of life, liberty, or property by a State." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available

10

to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Plaintiff repeatedly alleges that Defendants deprived him of a "protected right," but Plaintiff fails to identify any specific liberty or property interest on which to base this claim. Moreover, Plaintiff does not assert that Defendants failed to follow appropriate procedures and, therefore, deprived him of due process. New Jersey state statutes and Court Rules explicitly provide that name change requests be made via an application to the Superior Court, *not* the county clerks offices. *See* N.J.S.A. 2A:52–1; New Jersey Court Rule 4:72–1, *et seq*. Plaintiff may renounce his nationality, if he so desires, pursuant to the Federal Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*. *See* ECF No. 221 at 15–17. Nowhere does that federal statute provide that a state's county clerks are authorized or required to record a document purporting to change a person's U.S. nationality. Accordingly, Plaintiff's FAC fails to state a claim for a violation of his procedural due process rights.

Substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Collins*, 503 U.S. at 125 (internal quotation omitted). To succeed on a substantive due process claim, Plaintiff "must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139–40 (3d Cir. 2000). "Whether a property interest is protected for purposes of substantive due process is a question that is not answered by reference to state law. Rather, for a property interest to be protected for purposes of substantive due process, it must be 'fundamental' under the United States Constitution." *Hill*, 455 F.3d at 235 n.12. As with Plaintiff's procedural due process claim, the pleadings do not make clear what fundamental protected interest Plaintiff's substantive due process claim is based upon. Rather, Plaintiff relies entirely on unspecified and conclusory

11

allegations that Defendants deprived him of unspecified due process rights.[6] Because plaintiff fails to identify a valid fundamental interest under the Due Process Clause, he cannot assert that Defendants deprived him of any protected, substantive right. Accordingly, the Court dismisses Plaintiff's due process claims under Counts 4, 8, 12, 16, and 20.

## IV.  CONCLUSION[7]

For the foregoing reasons, the Defendants' motions to dismiss (ECF Nos. 214, 216, 217, 218, 219, 220, 221) are granted. All counts are dismissed with prejudice. An appropriate Order follows this Opinion.

**Date:** June 28, 2022

s/ Claire C. Cecchi
**HON. CLAIRE C. CECCHI, U.S.D.J.**

---

[6] While Plaintiff may claim that Defendant Corrado caused him to be "fearful for his life and liberty" (ECF No. 223–1, ¶ 4), Plaintiff does not support this argument with any reference to deprivation of his fundamental rights.

[7] Having found that Plaintiff wholly fails to state a claim for a violation of his Constitutional rights, the Court need not consider the Passaic County Defendants' assertions that the Individual Defendants are entitled to qualified immunity or that the County Defendants are immune from vicarious liability under § 1983. *See* ECF No. 214 at 15–20.